UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ANTONIO THELEN, SR., | Civil No. 12-3150 (PAM/JSM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I.     BACKGROUND**

Petitioner is an inmate at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. He is currently serving a 306-month prison sentence that was imposed following his conviction for second degree murder.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, he filed a direct appeal that raised several claims for relief. However, the Minnesota Court of Appeals rejected all of Petitioner's claims, and affirmed his conviction and sentence. State v. Thelen, No. A08-1619 (Minn.App. 2009), 2009 WL 3735430 (unpublished opinion). Petitioner's subsequent application for further review in the Minnesota Supreme Court was denied on January 19, 2010. (Id.)

On June 13, 2011, Petitioner filed a motion in the trial court seeking post-conviction relief under Minn.Stat. §§ 590.01 et seq. (Petitioner's "Pro-Se Memorandum of Law Supporting Petition," [Docket No. 2], p. 3.) That motion was denied on September 28, 2011. (Id., p. 7.) Petitioner contends that he was not notified of the trial court's ruling on his post conviction motion until several months after that ruling was entered. (Id.) He further contends that after he finally learned that his post-conviction motion had been denied, he promptly filed an appeal. (Id.) However, the Minnesota Court of Appeals found that appeal to be untimely, and it was therefore summarily dismissed. (Petitioner's Exhibits, [Docket No. 3], Exh. A1-A2.) Petitioner sought further review in the Minnesota Supreme Court, but his application was denied on May 30, 2012. (Id., p. 4.)

Petitioner's current federal habeas corpus petition, filed on December 20, 2012, lists four grounds for relief. (Petition, [Docket No. 1], pp. 5-6.) However, none of those claims can be addressed on the merits, because the petition was not filed within the one-year statute of limitations period prescribed by federal law.

**II.    DISCUSSION**

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, effected several significant changes in the federal habeas corpus statutes. One

of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, nothing on the face of the petition suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the State created any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough

to file a more timely petition.[2]

Therefore, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on January 19, 2010, when that Court denied Petitioner's application for further review. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for a writ of certiorari in the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final" on April 19, 2010 -- 90 days after the Minnesota Supreme Court upheld his conviction and sentence on direct appeal. The statute of limitations expired one year later, on April 19, 2011. However, Petitioner did not file his current petition until December 20, 2012, which was twenty months after the expiration of the statute of limitations deadline.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks

---

[2] Petitioner's submissions include several vague references to "actual innocence," and "exonerating evidence." (See e.g., Petition, p. 3(A).) However, Petitioner has not presented any new and previously unavailable evidence that could affect the starting date of the statute of limitations pursuant to § 2244(d)(1)(D). He has not shown that any of his current claims for relief are based on specific new evidence, which was not discoverable until sometime after his conviction and sentence became final on direct appeal.

4

collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because <u>the federal statute of limitations had already expired before he ever applied for post-conviction relief in the state trial court</u>. The statute of limitations expired on April 19, 2011, and Petitioner did not file his state post-conviction motion until June 13, 2011. Thus, the federal habeas statute of limitations expired nearly two months before Petitioner first applied for state post-conviction relief. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"); McMullan v. Roper, 599 F.3d 849, 852 (8th Cir.) ("[t]he time between the conclusion of a direct appeal and the filing of a state court application for post-conviction relief does not toll the AEDPA statute of limitations"), cert. denied, 131 S.Ct. 602 (2010). Because the federal limitations period expired before Petitioner ever applied for state post conviction relief, his post-conviction motion could not have tolled the statute of limitations. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has

5

expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, on April 19, 2011, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion. None of the state court proceedings that occurred after April 19, 2011, has any bearing on the timeliness of Petitioner's current federal habeas petition.[3]

---

[3] Some of Petitioner's submissions allude to the two-year statute of limitations that apply to post-conviction motions filed in the Minnesota state courts. See Minn.Stat. § 590.01, subd. 4. Petitioner might believe that the state limitation period for post-conviction motions somehow extends the federal limitation period for § 2254 habeas corpus petitions, but that simply is not so. The timeliness of Petitioner's state post-conviction motion has no bearing on the timeliness of his current federal habeas corpus petition. Indeed, it appears that Petitioner's state post-conviction motion was timely under applicable state law, but that does not alter the fact that the federal habeas corpus limitation had already expired before the state post-conviction motion was filed. See Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853-54 (8th Cir.) (post-conviction motion that was timely under state law had no tolling effect on federal habeas statute of limitations that had expired before state post-conviction motion was filed), cert. denied, 540 1060 (2003); Painter, 247 F.3d 1256 (same).

Petitioner's submissions also include several arguments pertaining to the timeliness of his appeal in his state post-conviction proceedings. He contends that his post-conviction appeal should not have been summarily dismissed due to untimeliness, because he was not properly notified that his motion had been denied by the trial court, and he quickly filed his appeal soon after learning of the trial court's ruling. For present purposes, however, the timeliness or untimeliness of Petitioner's post-conviction appeal is wholly irrelevant, because Petitioner had already forfeited his right to seek federal habeas corpus review before he filed his post-conviction motion in the trial court. Even if the post-conviction

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

---

appeal had been accepted as timely, (as Petitioner vigorously advocates in his present submissions), the current habeas corpus petition still would be untimely. As discussed in the text, nothing that occurred during the course of any of Petitioner's state post-conviction proceedings could have any bearing on the timeliness of his current the federal habeas corpus petition, because the federal habeas statute of limitations expired before Petitioner even commenced his state post-conviction proceedings.

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III.    CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on April 19, 2011, but Petitioner did not file his current habeas petition until December 20, 2012. Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if it had been filed in a timely manner, but there was no effective § 2244(d)(2) tolling in this case, because Petitioner did not file his post-conviction motion in the trial court until June 13, 2011, which was after the federal statute of limitations had already expired. In addition, Petitioner has shown no viable grounds for equitable tolling. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: January 8, 2013

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 22, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.