UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Antonio Thelen, Sr.,                                          Civ. No. 12-3150 (PAM/JSM)

                Petitioner,

v.                                                                                **ORDER**

State of Minnesota,
                Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron dated January 8, 2013. In the R&R, Magistrate Judge Mayeron recommends the dismissal with prejudice of Petitioner Antonio Thelen, Sr.'s Petition for a Writ of Habeas Corpus. Petitioner filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

The R&R determined that Petitioner's claims were barred by the one-year statute of limitations for bringing federal habeas claims. As the R&R discussed, Petitioner's state-court conviction became final, for purposes of the federal habeas statute, in April 2010. Petitioner did not file his application for state habeas relief until June 2011, and thus the federal statute of limitations expired even before any state postconviction proceedings had begun.

Petitioner argues in his Objections that the federal habeas statute of limitations had not been triggered because he had not yet filed a state postconviction motion and because he had two years in which to do so. But as the R&R clearly and thoroughly discussed, the fact that the statute of limitations for some state postconviction motions is two years does not affect the statute of limitations for federal postconviction motions, which is one year from the date the state-court conviction becomes final. As the passage Petitioner himself quotes states, the federal statute of limitations is tolled during the time a state postconviction motion is "pending." (Obj. at 2 (Docket No. 8) (quoting 28 U.S.C. § 2244(d)(2)).) Petitioner's state postconviction motion was not pending until it was filed in June 2011, which was after the statute of limitations for federal habeas relief had expired. Thus, there was no tolling to be had.

The R&R is also correct that a certificate of appealability should not issue in this matter. The principles here are not "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). The AEDPA statute of limitations expired, and there is nothing to indicate that the limitations period should be tolled. The issues Petitioner raises are not "colorable issue[s] worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). The Court will not grant a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 7) is **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

3. This matter is **DISMISSED with prejudice**; and

4. A certificate of appealability will **NOT** issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 22, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge